UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

PETITION OF FREEDOM
MARINE SALES LLC, as titled
owner, and FREEDOM BOAT
CLUB LLC, as owner pro hac vice
of and for the M/V TIMELESS, a
2023 Crownline E235XS, hull
identification number
KIS89500C323, her engines, tackle,
and appurtenances,

   Petitioners.
_____/

Case No. 8:23-cv-2890-SDM-NHA

ORDER

I deny as moot Peter Mackey's "Amended Motion for Enlargement of Time" (Doc. 15) and "Amended Motion to Allow Limited Discovery Prior to Rule 26(f) Conference" (Doc. 16).

On December 18, 2023, Petitioners Freedom Marine Sales LLC and Freedom Boat Club LLC filed their petition seeking Exoneration From or Limitation of Liability (the "Petition") for a boating collision that occurred with Mr. Mackey's vessel in the vicinity of Holmes Beach, Florida. Doc. 1, p. 1.

On January 24, 2024, Mr. Mackey, filed an "Amended Motion for Enlargement/Extension of Time," seeking to extend from February 12 to February 28, 2024 the time to respond to the Petition. Doc. 15. He also filed

an "Amended Motion to Allow Limited Discovery Prior to Rule 26(f) Conference" (Doc. 16). Mr. Mackey sought early discovery to help him craft his response to the Petition. Doc. 16, p. 2. He sought the extension of time to allow him to incorporate Petitioner's discovery answers into his response. Doc. 15, pp. 1-2.

Neither motion was styled as an emergency or time-sensitive motion (*see* Local Rule 3.01(e)). Both motions noted that Petitioners opposed the relief sought. Doc. 15, p. 2; Doc. 16, p. 4. Pursuant to Local Rule 3.01(c), Petitioners had until February 7, 2024 to file their responses opposing Mr. Mackey's motions. They filed their responses on February 6, 2024. Docs. 19, 20. The following Monday, Mr. Mackey timely responded to the Petition. Docs. 23, 24. This rendered his motions to extend time to file his response, and to seek discovery in advance of the response, moot.

In response to Mr. Mackey's concern that discovery might impact his response and any potential counterclaims, the Court notes that, if warranted, Mr. Mackey may later move to amend his response and counterclaim pursuant FED. R. CIV. P. 15(a). Leave to amend a pleading is generally freely given "in the absence of any apparent or declared reason–-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment

2

. . . ."[1] *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1405 (11th Cir. 1994) (allowing leave to amend a pleading two and a half years after the original to include an affirmative defense).

Because Mr. Mackey's motions sought relief in advance of the filing of his response, Mr. Mackey's timely response filing rendered the motions moot.

Accordingly, the "Amended Motion for Enlargement of Time" (Doc. 15) and "Amended Motion to Allow Limited Discovery Prior to Rule 26(f) Conference" (Doc. 16) are **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on February 21, 2024.

*/s/ Natalie Hirt Adams*
NATALIE HIRT ADAMS
United States Magistrate Judge

---

[1] However, a party must show "good cause" if seeking leave to amend after a court's scheduling order deadline. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417 (11th Cir. 1998) (holding that violating the court's scheduling order deadline requires a showing of good cause).