UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

| | |
|---|---|
| PETITION OF FREEDOM MARINE SALES LLC, as titled owner, and FREEDOM BOAT CLUB LLC, as owner pro hac vice of and for the M/V TIMELESS, a 2023 Crownline E235XS, hull identification number KIS89500C323, her engines, tackle, and appurtenances, | Case No. 8:23-cv-2890-SDM-NHA IN ADMIRALTY |
| Petitioners. | |

_____/

## ORDER

Petitioners' Motion for Clerk's Default against all non-appearing potential claimants (Doc. 31) is denied without prejudice, because Petitioners did not comply with the Middle District of Florida's Local Admiralty Rules.

### Background

On December 18, 2023, Petitioners Freedom Marine Sales LLC and Freedom Boat Club LLC filed their petition seeking Exoneration From or Limitation of Liability (the "Petition") pursuant to 46 U.S.C. § 30501 *et seq.*, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims for the Federal Rules of Civil Procedure, and the Local Admiralty Rules. Doc.

1, p. 2. Petitioners seek exoneration from liability for all claims arising out of a boat collision that occurred on July 30, 2023, with Peter J. Mackey's vessel in the vicinity of Holmes Beach, Florida. *Id.*

Petitioners filed a "Motion for Order Approving Ad Interim Stipulation And Directing Issuance of Monition and Injunction" seeking to issue notice of the action to prospective claimants and seeking the Court's approval for issuing a formal notice in a local paper. Doc. 3. On December 27, 2023, the Court entered an order approving Petitioner's Motion and held that claims by any persons or entities were required to be filed by February 12, 2024. Doc. 7, p. 3. The Court also ordered that Monition, a formal notice, be published in an approved newspaper in Manatee County in accordance with Supplemental Rule F and the Local Admiralty Rules. *Id.* Petitioners provided a "Notice of Filing Proof of Publication and Compliance with Court Order" and an "Affidavit of Proof of Publication" on February 2, 2024. Doc. 18. The notice and affidavit show that Petitioners arranged for publication in the Business Observer Newspaper in Manatee County over a period of four weeks commencing on January 12, 2024; January 19, 2024; January 26, 2024; and February 2, 2024. *Id.*

Additionally, Petitioners provided notice to counsel for Mr. Mackey, the Marquez family, and the Cornell family, on January 5, 2024, which Petitioner contends consists of everyone involved in the incident. Docs. 31, pp. 2-3; 31-1.

On February 12, 2024, Mr. Mackey filed his answer, affirmative defenses, and a counterclaim. Docs. 23, 24, 30. That same day, Madelyn Alvarez, Israel Jose Marquez Hernandez, and their minor children I.M. (oldest), I.M. (middle), and I.M. (youngest) (together, the "Marquez family") filed their answer, affirmative defenses, and claims. Docs. 26, 27. No other potential claimants have appeared in this matter.

Petitioners now seek clerk's entry of default under Fed. R. Civ. P. 55(a) and default judgment under Rule 55(b)(1) against any other potential claimants. Doc. 31.

## Analysis

Federal Rule of Civil Procedure 55 sets out a two-step process for obtaining a final default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). In cases in which plaintiff's claim is not for a sum certain or an ascertainable sum, the party must then apply to the district court for a default judgment. Fed. R. Civ. P. 55(b)(2). This Court has consistently "applied the same two-step procedure in cases under the Limitation of Liability Act." *Morgan v. Doe*, No. 2:21-CV-865-JLB-MRM, 2022 WL 903088 (M.D. Fla. Mar. 7, 2022), *report and recommendation adopted*, No. 2:21-CV-865-JLB-MRM, 2022 WL 899699 (M.D. Fla. Mar. 28, 2022); *Matter of*

*Complaint of Wild Fla. Airboats, LLC*, No. 616CV2207ORL31GJK, 2017 WL 3891777 (M.D. Fla. Aug. 29, 2017).

"The Due Process Clause requires. . . provid[ing] notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of [an] action and afford them an opportunity to present their objections." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) (citation and internal quotation marks omitted).

Rule F of The Supplemental Rules for Admiralty or Maritime Claims addresses the procedure for Limitation of Liability Act claims. Rule F(5) states that a Limitation of Liability Act claim "shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rule." Fed. R. Civ. P., Supp. R. Adm. F(5). Pursuant to Supplemental Rule F(4):

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than [thirty] days after issuance of the notice.... **The notice shall be published in such newspaper or newspapers as the court may direct** once a week for four consecutive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Fed. R. Civ. P., Supp. R. Adm. F(4) (emphasis added).

The Middle District's Admiralty and Maritime Practice Manual "complements the Supplemental Rules for Admiralty or Maritime Claims and governs admiralty and maritime practice in this district." M.D. Fla. Admiralty and Maritime Practice Manual § 1(a). Section 6 of the Manual governs Limitation of Liability Claims. *Id.* § 6. Under that section, it explains that, prior to default judgment, "[t]he plaintiff must publish the notice in accord with the provisions set forth in Supplemental Rule F(4) **and** Section 1(e)."[1] *Id.* § 6(a) (emphasis added).

Section 1(e) of the Middle District of Florida's Admiralty and Maritime Practice Manual states "[w]henever a notice must be published, the notice must be published at least once **in an approved newspaper in the county where the vessel or property was located** at the time of arrest, attachment, or seizure, **and**, if different, **in the county within the Middle District of Florida where the action is pending**." M.D. Fla. Admiralty and Maritime Practice Manual § 1(e). (emphasis added).

Here, Petitioners have not fully complied with their obligation to provide proper notice to potential claimants under the Local Admiralty Rules. Petitioners published notice in Manatee County, but not in Hillsborough

---

[1] The Middle District of Florida's Admiralty and Maritime Practice Manual, which governs admiralty and maritime practice within this district, is located on the Court's website.

5

County, where this action is currently pending. *See* M.D. Fla. Admiralty and Maritime Practice Manual §§ 6(a), 1(e). As a result, Petitioners have not provided notice sufficient to warrant entry of Clerk's default against all non-appearing potential claimants. Accordingly, Petitioner's request for Clerk's default is DENIED without prejudice.

Petitioners request for default judgment under Rule 55(b)(1) is also DENIED without prejudice. Petitioners must obtain a Clerk's default before moving for default judgment. *See* Local Rule 1.10(b) and (c). Petitioners have not yet obtained a Clerk's default.

It is therefore ORDERED that:

Petitioners' Motion for Clerk's default and for default judgment (Doc. 23) is DENIED without prejudice.

ORDERED on March 4, 2024.

*[signature]*
NATALIE HIRT ADAMS
United States Magistrate Judge