UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

PETITION OF FREEDOM
MARINE SALES LLC, AS TITLED
OWNER, AND FREEDOM BOAT
CLUB LLC, AS OWNER PRO HAC
VICE OF AND FOR THE M/V
TIMELESS, A 2023 CROWNLINE
E235XS, HULL IDENTIFICATION
NUMBER KIS89500C323, HER
ENGINES, TACKLE, AND
APPURTENANCES,

Case No. 8:23-cv-2890-SDM-NHA

    Petitioner.
_____/

## ORDER

Petitioners filed this admiralty action, seeking exoneration from, or limitation of, liability for a July 30, 2023 boating accident. Am. Petition (Doc. 67). Pending before me is the motion of Petitioners Freedom Marine Sales LLC and Freedom Boat Club LLC to compel Claimant Peter Mackey to comply with the Court's prior order granting a motion to compel certain discovery responses (Doc. 133). Doc. 155. I grant the motion to the extent I order Mr. Mackey to answer without objections, other than objections for privilege, Interrogatories 6, 16, 17, 18, 19, 20, 21, 22, 23, and 24 and produce responsive documents to Requests for Production 42 and 43. I deny without prejudice Petitioners' request for fees and costs.

By way of background, on November 22, 2024, Petitioners filed a motion to compel that asked that the Court (a) order Mr. Mackey to produce full and complete responses to Interrogatories 6, 16, 17, 18, 19, 20, and 24; (b) order Mr. Mackey to use his best efforts to obtain and provide his cellphone records from the day of the incident from 2:30 p.m. through the end of the day, and to determine whether he has certain 911 calls, as part of his response to Request for Production Number 42; (c) overrule Mr. Mackey's objections to Request for Production Numbers 42 (cellphone records from the date of the incident) and 43 (records related to purchases made on the date of the incident), and Interrogatory Numbers 21 (insurance providers), 22 (other accidents), and 23 (social media accounts). Docs. 116, 133. The Local Rules provide that Mr. Mackey had 14 days to respond to the motion. *See* Local Rule 3.01(c), M.D. Fla. Moreover, "If a party fails to timely respond, the motion is subject to treatment as unopposed." *Id*.  Nonetheless, when Mr. Mackey failed to timely respond to the motion, I gave him an additional two weeks to do so, directing him to "show cause on or before December 12, 2024, why the Court should not consider Petitioners' motion[] unopposed." Doc. 125. But Mr. Mackey never filed any opposition to the motion. Accordingly, on December 16, 2024, I granted as unopposed Petitioners' motion to compel and ordered Mr. Mackey to produce amended discovery responses by December 23, 2024. Doc. 133.

Mr. Mackey timely served amended discovery responses. Doc. 155 at p. 2. But, in those discovery responses, he maintained objections to Interrogatories 6, 16, 17, 18, 19, 20, 21, 22, 23, and 24[1] and Requests for Production 42 and 43. Doc. 163 at pp. 81–82, 84–89. Petitioners maintain the amended responses fail to comply with the Court's December 16, 2024 Order (Doc. 133) and move to compel compliance. Doc. 155. Mr. Mackey responds that he never waived his objections to the discovery because, rather than responding to the motion on the docket, he served discovery responses on Petitioners while the motion was pending, reiterating objections to the requests.[2] Doc. 163 at pp. 3, 5.

I agree with Petitioners that Mr. Mackey waived his right to object to the discovery requests whose responses Petitioners moved to compel on November 22, 2024 (Doc. 116). *See* Local Rule 3.01(c), M.D. Fla. If Mr. Mackey believed Petitioners were not entitled to the production they moved to compel

---

[1] In response to Interrogatories 6, 16, 17, 18, 19, 20, and 24, Mr. Mackey "maintain[ed] his previous objections" but purported to answer "without waiving objections." Doc. 163 at pp. 84–89. Such an objection serves only to obfuscate whether there is some part of the answer being withheld. *See Martin v. Zale Delaware, Inc.*, No. 8:08-CV-47-T-27EAJ, 2008 WL 5255555 *2 (M.D. Fla. December 15, 2008) (noting that "such an objection and answer preserves nothing and wastes the time and resources of the parties and the court").

[2] As Mr. Mackey notes (Doc. 163 at p. 5) at a hearing on January 21, 2025, which was scheduled to address a separate motion, I shared my thoughts on the pending motion in the hope that it would assist Mr. Mackey in drafting a response that addressed the Court's concerns. Doc. 160.

3

(responses to Interrogatories 6, 16, 17, 18, 19, 20, 21, 22, 23, and 24 and Requests for Production 42 and 43), he was required to state and support his position in a timely-filed response to the motion (Doc. 116). *See* Local Rule 3.01(c), M.D. Fla. Mr. Mackey was put on notice by the Local Rules and by an explicit Court Order (Doc. 125) that the Court would consider the motion unopposed if he failed to respond to it. And, without any prompting, the Court even gave Mr. Mackey more time to respond to the motion to avoid such an inference. Doc. 125. Mr. Mackey nonetheless elected not to respond to the motion, which clearly asked the Court to overrule Mr. Mackey's objections to Interrogatories 6, 16, 17, 18, 19, 20, 21, 22, 23, and 24 and Requests for Production 42 and 43 (Doc. 116). The Court granted the motion to compel as unopposed (Doc. 133). Mr. Mackey's opportunity to object to the requests has expired.

Accordingly, it is ORDERED:

1. The motion to compel compliance with the Court's Order is GRANTED, to the extent that, on or before February 14, 2025, Mr. Mackey must produce without objection, other than for privilege, answers to Interrogatory Nos. 6, 16, 17, 18, 19, 20, 21, 22, 23, and 24 and materials responsive to Requests for Production 42 and 43.

2. Petitioners' request for an attorney's fee and costs is DENIED WITHOUT PREJUDICE. Following the close of discovery, or should motions

4

to compel continue to be necessary during the discovery period, fee-shifting motions may be renewed.

ORDERED on January 23, 2025.

NATALIE HIRT ADAMS
United States Magistrate Judge